### IN BURKE SUPERIOR COURT.

JOHN HOGG and Mary his Wife *vs.* LABAN ODOM, Administrator.

### Bill for discovery and relief.

THE complainants set up claim to certain slaves, which claim is founded on the following bill of sale:

"*State of South Carolina, Edgefield District.*

"Know all men by these presents, that I, Saunders Nobles,
"of the State of South Carolina, in the county of Edgefield,
"have bargained and sold in plain and open market, unto
"the children of Nancy Jones, at the death of Leonard
"Nobles three negroes and their increase, to wit, Silva, Jim
"and Luce, for and in consideration of the sum of three
"hundred pounds sterling of the State aforesaid, which said
"bargained negroes, together with their increase, the said

A deed conveying property to the "*children of Nancy Jones,*" is not void for uncertainty, if it can be shown who were intended by these words, and that they were in life and capable of taking at the time the deed was executed:

But such a deed cannot be

Hogg and Wife
*v.*
Odom.

made to include
the after born
children of Nan-
cy Jones.

" Saunders Nobles unto the children of the said Nancy Jones
" at the death of the said Leonard Nobles aforesaid, shall and
" will, against the claims of all other person or persons what-
" soever, warrant and forever defend by these presents. In
" testimony whereof I have hereunto set my hand and seal
" this 25th day of December, 1786.

" Saunders Nobles."

" Present
" Benjamin Cook,
" Robert Lang,
            his
" Thomas ✕ Moseby."
            mark.

The children of Nancy Jones were then five in number.
About the year 1794, the complainant Mary who is also a
child of Nancy Jones, was born, Leonard Nobles being then
in life. While she was yet an infant, and without other
guardian than her mother, there was a division of the negroes
named in the bill of sale, and of their increase among the
children of Nancy Jones. The complainants alleging that
the complainant Mary was not a party to the proceeding
which took place at the division, and was therefore not bound
by it; and further, that in the division she was defrauded, by
the manner of it, of her just rights, and that they have filed
this bill for relief against the representatives of Dennis No-
bles, who was the eldest son of Nancy Jones, and who at
the death of Leonard Nobles received into his possession the
said slaves and their increase, for the use of his brothers and
sisters. At the trial a verdict was rendered for the complain-
ants, and a new trial is moved for by the defendant, because
the verdict is against law and against evidence.

There were several important questions much argued at
the trial of the cause, which it is not necessary the court should
now consider. It cannot be at all material whether the de-
fendant or those whose estate he represents or through whom
he claims title, are liable to account as implied trustees; nor
if they ever were liable, whether the statute of limitations can
now be invoked to their aid and protection, unless the com-
plainant Mary originally had some right, property, or interest
in the slaves which might become the subject of such trust,
which the defendant denies she ever had.

1. Because the deed or bill of sale under which she claims
is void for its uncertainty, there being no grantee or bargainee
named in it.

2. Because if the deed or bill of sale be not absolutely
void; and if parol evidence may be admitted to show the real
persons intended under the designation of Nancy Jones'
children, still the complainants can take nothing under the
deed, as the complainant Mary was not born until eight years

after it was executed, and could not therefore have been a party to it.

The deed purports to be for a valuable consideration, conveying a present interest, though to be enjoyed in future; in the making of which there is not alleged to have been the slightest fraud, and if it be void at all, it must be for its uncertainty alone.

This uncertainty is said to be as to the grantees or bargainees. They are designated by the name of the children of Nancy Jones. Now, though it is a rule that every grant must be certain, not only as to the thing granted, but as to the parties, yet it is also a maxim of law that nothing shall be void which may by possibility be good, and that that is sufficiently certain which may be rendered so. The deed will not therefore be suffered to fail for uncertainty, if it can be shown who were the persons meant by the words Nancy Jones' children. The bargainees or individuals known as the children of Nancy Jones, were, at the time the deed was executed, as has been stated, five in number, and who might clearly take under the deed. The complainant Mary, though a child of Nancy Jones, was not born until several years afterwards, and the question whether she too can claim any right under the deed, if answered in the negative, is conclusive of this case.

That in every conveyance there must be a grantor, a grantee, and thing granted; and that there must be a grantee who may take by force of the grant at its beginning, are familiar rules of the common law. In this deed, there are grantees, who were capable of taking at the time of its execution. No trust is raised, nor any remainder created by it for after born children. It purports to be a deed of bargain and sale founded upon a contract, in plain and open market, for a valuable consideration, passing from the bargainees to the bargainor, and vesting a present title in the bargainees, though the negroes were to be possessed at a future period; nor is it at all material to the present question, whether Leonard Nobles took a life estate in them by implication, or Saunders Nobles reserved in them an estate for Leonard Noble's life.

The negroes sold went for their price, and they only who paid the price became entitled to them. But even if it had been a voluntary gift, and not a sale, as it was, unless the donor had used clear words to create a remainder for the after born children of Nancy Jones, this complainant could take no interest under the deed.

The case of Stroman and Wife v. Rottenburg, 4 Dess. 268, is a case very like the present. That was upon a deed of gift to the grand children of the donor, by his daughter Catharine, to take effect after his death, and the decree which excluded after born children was, upon appeal, unanimously affirmed. And this case is in accordance with the case of Ayton v. Ayton, 1 Cox's cases, 327.

BURKE.

Hogg and Wife
*v.*
Odom.

It being the opinion of the court that the verdict is warranted neither by law nor evidence : It is ordered that it be set aside, and a new trial granted.